JUDGE BUCHWALD

15 CV 02728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X  Civ. Action No.:

BERNARD H. GOETZ,

Plaintiff

-against-

CITY OF NEW YORK, POLICE OFFICER
BENNIE VANCE (Shield Number 6561),
POLICE OFFICER JANE DOE AND POLICE
OFFICERS JOHN DOE 1 THROUGH 10,
EACH IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES,



**COMPLAINT**  APR 08 2015

**JURY TRIAL** U.S.D.C. S.D. N.Y.
**DEMANDED**  CASHIERS

Defendants.

---------------------------------------------------------------------X

Plaintiff, BERNARD H. GOETZ ("plaintiff"), by and through his attorneys, Sheehan &

Associates, P.C., complaining of defendants, upon personal knowledge and upon information

and belief, alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff BERNARD H. GOETZ was the victim of a misguided and

fundamentally flawed police operation that was recklessly designed and implemented

without any concern for the constitutional rights of innocent citizens.

2.      This is an action to recovery monetary damages arising out of the violations

of plaintiff's rights under the Constitution and laws of the United States.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth

and Fourteenth Amendments to the Constitution of the United States.

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3)

and 1343(a)(4).

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as a substantial part of the events and/or omissions giving rise to the within claims occurred in the County of New York which is located in the Southern District of New York and that defendant CITY OF NEW YORK is administratively located within the Southern District of New York.

6.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7.      Plaintiff BERNARD H. GOETZ is a natural person, over eighteen (18) years old and resides in the County of New York, State of New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     At the time of the arraignment of plaintiff, POLICE OFFICER BENNIE VANCE (Shield Number 6561) held the rank of Detective and was assigned to the Narcotics Borough Manhattan South with New York City Police Department.

11.     At all times hereinafter mentioned, POLICE OFFICER JANE DOE, whose

actual name plaintiff has been unable to ascertain notwithstanding reasonable efforts in doing so, but who is sued herein by the fictitious designation "Jane Doe", was the police officer, detective, sergeant, supervisor and/or commander acting in the capacity of agent, servant or employee of the New York City Police Department, who participated in violating the rights of plaintiff.

12.     At the time of the arrest and arraignment of plaintiff, POLICE OFFICER JANE DOE was referred to as Undercover Police Officer C0279 and was assigned to the Narcotics Borough Manhattan South.

13.     At all times hereinafter mentioned, POLICE OFFICERS JOHN DOE 1 THROUGH 10, whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts in doing so, but who are sued herein by the fictitious designations "JOHN DOE 1" through "JOHN DOE 10", were the police officers, detectives, sergeants, supervisors and/or commanders acting in the capacities of agents, servants or employees of the New York City Police Department, who participated in violating the rights of plaintiff.

14.     At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER BENNIE VANCE, POLICE OFFICER JANE DOE and POLICE OFFICERS JOHN DOE 1 THROUGH 10 (collectively, "POLICE OFFICER DEFENDANTS") were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and in accordance with their official duties.

15.     POLICE OFFICER DEFENDANTS are sued here in their individual and official capacities

16.     At all times hereinafter mentioned, defendants, either personally or through

their employees, were acting under color of law and/or engaged in conduct that constituted customs, usages, practices, procedures or rules of the respective municipality/authority, which is forbidden by the Constitution and laws of the United States.

17. Each and all of the acts and/or omissions of POLICE OFFICER DEFENDANTS alleged herein were done by said POLICE OFFICER DEFENDANTS while acting within the scope of their employment by defendant CITY OF NEW YORK.

18. Each and all of the acts and/or omissions of POLICE OFFICER DEFENDANTS alleged herein were done by said POLICE OFFICER DEFENDANTS while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## STATEMENT OF FACTS

19. Plaintiff BERNARD H. GOETZ is a sixty-seven (67) year old male who resides in the County of New York, State of New York.

20. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ was at Union Square Park, Manhattan, New York.

21. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ was observing the flora and fauna at Union Square Park, County of New York, State of New York.

22. That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE was at Union Square Park, County of New York, State of New York.

23. That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE drew near to plaintiff BERNARD H. GOETZ.

24. That on or about November 1, 2013, defendant POLICE OFFICER JANE

DOE, having approached the direction of plaintiff BERNARD H. GOETZ, attempted to engage in coquetry with plaintiff BERNARD H. GOETZ.

25.    That on or about the November 1, 2013, defendant POLICE OFFICER JANE DOE, while dallying towards plaintiff BERNARD H. GOETZ, asked him for marijuana.[1]

26.    That on or about the November 1, 2013, plaintiff BERNARD H. GOETZ, upon the request of POLICE OFFICER JANE DOE, informed her that he did not possess any marijuana.

27.    That on or about the November 1, 2013, defendant POLICE OFFICER JANE DOE, despite the fact that plaintiff BERNARD H. GOETZ told her that he was not in possession of marijuana, continued to beseech plaintiff BERNARD H. GOETZ to procure marijuana for her.

28.    That on or about November 1, 2013, plaintiff BERNARD H. GOETZ, while desiring to remain in the vicinity of Union Square Park, County of New York, State of New York, unmolested, to observe and document the flora and fauna, understood that doing so could only be carried out by extricating himself from the presence and company of defendant POLICE OFFICER JANE DOE.

29.    That on or about November 1, 2013, plaintiff BERNARD H. GOETZ, recognizing that he could no longer remain in the area of Union Square Park, County of New York, State of New York in order to experience the serenity of that certain November day, as a direct result of the interference of defendant POLICE OFFICER JANE DOE, and having

---

[1] For the purposes of this Complaint, "marijuana" will be spelled with a "j" except where citations are made to the applicable provisions of the Penal Law of the State of New York; see Michael Grynbaum, *Albany Spelling Check: Marihuana?*, New York Times, Jun. 15, 2007, http://cityroom.blogs.nytimes.com/2007/06/15/albany-spelling-check-marihuana.

been worn out by the entreaties of defendant POLICE OFFICER JANE DOE, agreed to secure marijuana solely for the personal use of defendant POLICE OFFICER JANE DOE.

30. That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE, having utilized forms of allurement and/or supplication and/or annoyance, prevailed upon plaintiff BERNARD H. GOETZ to obtain marijuana for their alleged mutual use to get "high" from its chemical effects and/or properties, including but not limited to delta-9-tetrahydrocannabinol.

31. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ, seeking to remain undisturbed in the areas in and around Union Square Park, County of New York, State of New York, departed to obtain marijuana for the sole use of defendant POLICE OFFICER JANE DOE.

32. That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE, upon receiving that certain amount of Cannabis sativa from plaintiff BERNARD H. GOETZ, sought to remunerate him for the quantity provided.

33. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ rejected defendant POLICE OFFICER JANE DOE'S offer of monetary compensation for the quantity of marijuana provided to her by plaintiff BERNARD H. GOETZ.

34. That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE continued to importune plaintiff BERNARD H. GOETZ to accept her offer of monetary compensation for the quantity of marijuana provided to her.

35. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ continued to rebuff the attempts of defendant POLICE OFFICER JANE DOE that he accept monetary compensation for the quantity of marijuana provided to her.

36. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ'S continued and persistent rejections of defendant POLICE OFFICER JANE DOE'S attempts to provide monetary compensation was based, in part, upon the belief of plaintiff BERNARD H. GOETZ that the positive and/or salutary effects of marijuana should be available to be experienced by individual adults over the age of twenty-one (21) who so desired, absent financial barriers and cost limitations.

37. That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE, having been unsuccessful in compelling plaintiff BERNARD H. GOETZ to accept monetary compensation for the quantity of marijuana provided to her, placed multiple Federal Reserve Notes, printed by the United States Bureau of Engraving and Printing, in the amount of approximately forty (40) dollars (U.S.D), in the hand of plaintiff BERNARD H. GOETZ, against his express instructions.

38. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ again informed defendant POLICE OFFICER JANE DOE that the monetary instruments she had physically placed on his person in compensation for the quantity of marijuana provided to her was unwelcome and unnecessary.

39. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ, seeking to disengage himself from the presence of the increasingly nettlesome defendant POLICE OFFICER JANE DOE and return to quiet observation of his surroundings, examined the monies forcibly placed in his possession by defendant POLICE OFFICER JANE DOE.

40. That on or about November 1, 2013, plaintiff BERNARD H. GOETZ, assessed the amount of United States currency coercively placed in his possession by

defendant POLICE OFFICER JANE DOE and believed that the amount of currency provided greatly exceeded the likely monetary value of the quantity of marijuana he had provided to her.

41.     That on or about November 1, 2013, plaintiff BERNARD H. GOETZ informed defendant POLICE OFFICER JANE DOE of this fundamental inequity and thereupon, returned at least half, or approximately twenty (20) dollars (U.S.D.) of the total amount of currency compulsorily provided by defendant POLICE OFFICER JANE DOE to plaintiff BERNARD H. GOETZ.

42.     That on or about November 1, 2013, plaintiff BERNARD H. GOETZ, believing he had politely, yet effectively severed himself from continuing any interactions defendant POLICE OFFICER JANE DOE and could resume his observations of the urban ecosystem laid before him, began to walk in a direction away from defendant POLICE OFFICER JANE DOE.

43.     That on or about November 1, 2013, plaintiff BERNARD H. GOETZ, after taking only several steps away from defendant POLICE OFFICER JANE DOE, was arrested by defendants POLICE OFFICER JANE DOE and POLICE OFFICERS JOHN DOE 1 THROUGH 10 and/or POLICE OFFICER BENNIE VANCE of the New York City Police Department for the possession and sale of marijuana.

44.     Upon his unlawful arrest, plaintiff BERNARD H. GOETZ endured roughly one (1) day in the custody of the New York City Police Department prior to his arraignment.

45.     On or about November 2, 2013, plaintiff BERNARD H. GOETZ was arraigned in the Criminal Court of the City of New York, County of New York, upon a Criminal Court Misdemeanor Complaint, Docket No. 2013NY083500.

46. The aforementioned Misdemeanor Complaint contained statements of defendant POLICE OFFICER BENNIE VANCE.

47. On or about November 2, 2013, plaintiff BERNARD H. GOETZ was arraigned on charges alleging the following with respect to sections of the Penal Law of the State of New York ("PL"):

     i. &sect; 221.05 – Unlawful possession of marihuana;

     ii. &sect; 221.10(1) – Criminal possession of marihuana in the fifth degree; and

     iii. &sect; 221.40 – Criminal sale of marihuana in the fourth degree.

48. All of the above-referenced charges were misdemeanors and/or violations, with a possible sentence of fifteen (15) days to one (1) year in prison.

49. Thereafter, plaintiff BERNARD H. GOETZ appeared in the Criminal Court of the City of New York, County of New York, for possible prosecution against him on December 18, 2013.

50. Thereafter, plaintiff BERNARD H. GOETZ appeared in the Criminal Court of the City of New York, County of New York, for possible prosecution against him on February 20, 2014.

51. Thereafter, plaintiff BERNARD H. GOETZ appeared in the Criminal Court of the City of New York, County of New York, for possible prosecution against him on April 24, 2014.

52. Thereafter, plaintiff BERNARD H. GOETZ appeared in the Criminal Court of the City of New York, County of New York, for possible prosecution against him on June 23, 2014.

53. Thereafter, plaintiff BERNARD H. GOETZ appeared in the Criminal Court of the City of New York, County of New York, for possible prosecution against him on August 25, 2014.

54. Upon information and belief, that between the date of plaintiff BERNARD H. GOETZ'S arraignment on November 2, 2013 and the date of dismissal of all charges against plaintiff BERNARD H. GOETZ on August 25, 2014, defendant POLICE OFFICER JANE DOE refused to sign a supporting deposition affidavit confirming that plaintiff BERNARD H. GOETZ'S arrest on November 1, 2013 was made upon probable cause.

55. That defendant POLICE OFFICER JANE DOE'S refusal to sign the supporting deposition affidavit was a violation of her duties as a police officer of the New York City Police Department.

56. That defendant POLICE OFFICER JANE DOE'S refusal to sign the supporting deposition affidavit was a violation of plaintiff BERNARD H. GOETZ'S rights and immunities secured to him under the Constitution and laws of the United States including but not limited to his rights under the Fourth and Fourteenth Amendment.

57. That on August 25, 2014 the Honorable Erika Edwards of the Criminal Court of the City of New York, County of New York, dismissed the misdemeanor complaint filed against plaintiff BERNARD H. GOETZ in its entirety, as the District Attorney, City of New York, County of New York could not proceed to trial within ninety (90) days of plaintiff BERNARD H. GOETZ'S arraignment, pursuant to § 30.30 of the Criminal Procedure Law of the State of New York ("CPL").

58. That the reason the District Attorney, City of New York, County of New York could not proceed to trial within the statutorily mandated time set forth in CPL § 30.30 was

directly related, and a result of, defendant POLICE OFFICER JANE DOE'S refusal to sign and execute a supporting deposition affidavit subsequent to plaintiff BERNARD H. GOETZ'S unlawful arrest, imprisonment and arraignment.

## AS AND FOR A FIRST CAUSE OF ACTION
*(False Arrest Under 42 U.S.C. § 1983)*

59.     Plaintiff BERNARD H. GOETZ re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "58"as if they were set forth at length herein.

60.     That on or about the November 1, 2013 defendant POLICE OFFICER JANE DOE was fully aware that plaintiff BERNARD H. GOETZ was not in possession of marijuana.

61.     That on or about the November 1, 2013 defendant POLICE OFFICER JANE DOE had no knowledge or trustworthy information that plaintiff BERNARD H. GOETZ was in possession of marijuana.

62.     That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE, having knowledge that plaintiff BERNARD H. GOETZ was not in possession of marijuana, instigated plaintiff BERNARD H. GOETZ to procure possession of marijuana, through imploration, supplication and/or the attempted flirtatious mannerisms by defendant POLICE OFFICER JANE DOE, directed towards plaintiff.

63.     That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE, having knowledge that plaintiff BERNARD H. GOETZ was not in possession of marijuana, coerced plaintiff BERNARD H. GOETZ to procure possession of marijuana.

64.     Defendant POLICE OFFICER JANE DOE created, from whole cloth (likely

made from hemp), impediments which stymied plaintiff BERNARD H. GOETZ'S enjoyment of the simple delights of an autumn day in New York City. These artificial impediments included but were not limited to defendant POLICE OFFICER JANE DOE'S repeated and incessant requests that he provide her with marijuana, her unwillingness to accept "no" in response to her requests and the understanding of plaintiff BERNARD H. GOETZ that should he wish to lawfully remain in and around the environs of Union Square Park, County of New York, State of New York, defendant POLICE OFFICER JANE DOE could not be avoided.

65.     That on or about November 1, 2013, defendant POLICE OFFICER JANE DOE, upon initially determining that plaintiff BERNARD H. GOETZ was not in possession of marijuana, did entrap plaintiff BERNARD H. GOETZ into possessing marijuana.

66.     That on or about the November 1, 2013, defendant POLICE OFFICER JANE DOE affirmatively procured and instigated plaintiff BERNARD H. GOETZ'S arrest.

67.     That on or about the November 1, 2013, POLICE OFFICER DEFENDANTS intended to and did arrest plaintiff BERNARD H. GOETZ.

68.     That on or about the November 1, 2013, POLICE OFFICER DEFENDANTS lacked probable cause to arrest plaintiff BERNARD H. GOETZ for the criminal possession of, unlawful possession of and the criminal sale of marijuana.

69.     That on or about the November 1, 2013 plaintiff BERNARD H. GOETZ was unlawfully arrested at the south east corner of East 15th Street and Fifth Avenue, County of New York, State of New York.

70.     At all times, POLICE OFFICER DEFENDANTS acted under color of law and intentionally and unreasonably deprived plaintiff of rights, privileges, and immunities

secured to plaintiff BERNARD H. GOETZ by the Constitution and laws of the United States, including plaintiff BERNARD H. GOETZ'S right to be free from false imprisonment as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, by unlawfully imprisoning him against his will and without probable cause to believe that he had committed any crime and plaintiff BERNARD H. GOETZ'S right not to be deprived of liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

71.     The conduct and actions of POLICE OFFICER DEFENDANTS were performed under color of law, in arresting and detaining or causing the arrest, detention and imprisonment of plaintiff BERNARD H. GOETZ without probable cause.

72.     The conduct and actions of POLICE OFFICER DEFENDANTS, under color of law, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of the specific acts, performed without lawful justification or reason, and was designed to and did cause specific and serious emotional pain and suffering in violation of rights guaranteed to plaintiff BERNARD H. GOETZ by the Constitution and laws of the United States as guaranteed to plaintiff by the Fourth and Fourteenth Amendments thereto and 42 U.S.C. § 1983, respectively.

73.     As a result of the actions of POLICE OFFICER DEFENDANTS, plaintiff BERNARD H. GOETZ was arrested and placed in handcuffs and/or other restraining devices and taken into custody by defendant CITY OF NEW YORK, through POLICE OFFICER DEFENDANTS, employees of defendant CITY OF NEW YORK.

74.     Defendant CITY OF NEW YORK, through its employees, including but not limited to POLICE OFFICER DEFENDANTS, was aware that probable cause did not exist

for the arrest and detention of plaintiff BERNARD H. GOETZ and that said arrest and detention were unlawful and without justification or excuse.

75. Defendant CITY OF NEW YORK and POLICE OFFICER DEFENDANTS acted with malicious intent to arrest, oppress, and injure plaintiff BERNARD H. GOETZ and such actions were committed in bad faith.

76. As a result of the foregoing acts by defendants, plaintiff BERNARD H. GOETZ was deprived of his full life and liberty interest for approximately ten (10) months, put in fear for his safety, suffered and continues to suffer from psychological injuries, suffered lost earnings, was humiliated, suffered damage to his reputation and was subjected to physical restraints including but not necessarily limited to handcuffing.

### AS AND FOR A SECOND CAUSE OF ACTION
*(False Imprisonment Under 42 U.S.C. § 1983)*

77. Plaintiff BERNARD H. GOETZ re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "76"as if they were set forth at length herein.

78. On or about November 1, 2013 and November 2, 2013, POLICE OFFICER DEFENDANTS intentionally caused plaintiff BERNARD H. GOETZ to be imprisoned and confined at the Manhattan Detention Complex, 125 White Street, New York, NY 10013, which is operated and controlled by defendant CITY OF NEW YORK.

79. POLICE OFFICER DEFENDANTS lacked probable cause or other justification to imprison and confine plaintiff BERNARD H. GOETZ at the Manhattan Detention Complex.

80. At no time did plaintiff BERNARD H. GOETZ consent to the

aforementioned imprisonment and confinement.

81.     POLICE OFFICER DEFENDANTS caused injuries to plaintiff BERNARD
H. GOETZ, including but not limited to psychological injuries and loss of wages.

82.     POLICE OFFICER DEFENDANTS took the aforementioned actions against
plaintiff BERNARD H. GOETZ during the course and within the scope of their employment
with defendant CITY OF NEW YORK.

83.     Defendant CITY OF NEW YORK is liable for the acts of its
agents/employees, including, but not limited to POLICE OFFICER DEFENDANTS during
the course and within the scope of their employment with defendant CITY OF NEW YORK.

84.     The aforementioned actions taken by POLICE OFFICER DEFENDANTS,
and thus, by defendant CITY OF NEW YORK, against plaintiff BERNARD H. GOETZ
were willful, wanton, reckless, and malicious and violated his constitutional rights to be free
from false imprisonment.

85.     As a result of the foregoing acts by defendants, plaintiff BERNARD H.
GOETZ was deprived of his full life and liberty interest for approximately ten (10) months,
put in fear for his safety, suffered and continues to suffer from psychological injuries,
suffered lost earnings, was humiliated, suffered damage to his reputation and was subjected
to physical restraints including but not necessarily limited to handcuffing.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Malicious Prosecution Under 42 U.S.C. § 1983)*

86.     Plaintiff BERNARD H. GOETZ re-alleges and incorporates herein each and
every allegation set forth in paragraphs "1" through "85"as if they were set forth at length
herein.

87.     Defendants misrepresented and falsified evidence before the District Attorney of the City of New York, County of New York.

88.     Defendants did not make a complete and full statement of facts to the District Attorney of the City of New York, County of New York.

89.     Defendants withheld exculpatory evidence from the District Attorney of the City of New York, County of New York.

90.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff BERNARD H. GOETZ.

91.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff BERNARD H. GOETZ.

92.     Defendants acted with malice and/or willfulness in initiating criminal proceedings against plaintiff BERNARD H. GOETZ.

93.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff BERNARD H. GOETZ.

94.     Defendants lacked probable cause to continue criminal proceedings against plaintiff BERNARD H. GOETZ.

95.     Defendants acted with malice in continuing criminal proceedings against plaintiff BERNARD H. GOETZ.

96.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, beginning with the arrest of plaintiff BERNARD H. GOETZ on November 1, 2013 up to and including the termination of the action on August 25, 2014.

97.     Notwithstanding the perjurious and fraudulent conduct of defendants, the

criminal proceedings were terminated in plaintiff BERNARD H. GOETZ'S favor on August 25, 2014, when all charges against him were dismissed.

98. Defendants knew that filing false charges against plaintiff BERNARD H. GOETZ would result in forcing plaintiff BERNARD H. GOETZ to endure numerous court appearances.

99. As a result of the foregoing acts by defendants, plaintiff BERNARD H. GOETZ was deprived of his full life and liberty interest for approximately ten (10) months, put in fear for his safety, suffered and continues to suffer from psychological injuries, suffered lost earnings, was humiliated, suffered damage to his reputation and was subjected to physical restraints including but not necessarily limited to handcuffing.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Malicious Abuse of Process Under 42 U.S.C. § 1983)*

100. Plaintiff BERNARD H. GOETZ re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "99"as if they were set forth at length herein.

101. Defendants issued legal process to place plaintiff BERNARD H. GOETZ under arrest.

102. Defendants arrested plaintiff BERNARD H. GOETZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

103. Defendants acted with intent to do harm to plaintiff BERNARD H. GOETZ, without excuse or justification.

104. As a result of the foregoing acts by defendants, plaintiff BERNARD H. GOETZ was deprived of his full life and liberty interest for approximately ten (10) months,

put in fear for his safety, suffered and continues to suffer from psychological injuries, suffered lost earnings, was humiliated, suffered damage to his reputation and was subjected to physical restraints including but not necessarily limited to handcuffing.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Municipal Liability Under 42 U.S.C. § 1983)*

105.    Plaintiff BERNARD H. GOETZ re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "104"as if they were set forth at length herein.

106.    Defendants arrested, incarcerated and prosecuted plaintiff BERNARD H. GOETZ in the absence of any evidence of criminal wrongdoing, notwithstanding that said arrest, incarceration and prosecution would jeopardize plaintiff BERNARD H. GOETZ'S liberty, well-being, safety and constitutional rights.

107.    The acts and omissions complained of were carried out by the aforementioned individual POLICE OFFICER DEFENDANTS in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of defendant CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

108.    The aforementioned customs, policies, usages, practices, procedures and rules of defendant CITY OF NEW YORK and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i.    Devising undercover operations designed to entrap law-abiding individuals;

      ii.    Fabricating evidence against innocent persons erroneously arrested during buy-and-bust operations;

      iii.   Arresting innocent persons wrongfully apprehended during buy-and-bust operations;

      iv.   Arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

      v.   Fabricating evidence in order to justify (or attempt to justify) otherwise suspicionless arrests.

109.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against defendant CITY OF NEW YORK:

      i.   Benyamin Taylor v. City of New York, et al., United States District Court, Eastern District of New York, 01-cv-5750;

      ii.   Theodore Richardson v. City of New York, et al., United States District Court, Eastern District of New York, 02-cv-3651;

      iii.   Frank Douglas v. City of New York, et al., United States District Court, Southern District of New York, 03-cv-6475;

      iv.   Darnell Flood v. City of New York, et al., United States District Court, Southern District of New York, 03-cv-10313;

      v.   Phillip Stewart v. City of New York, et al., United States District Court, Southern District of New York, 05-cv-2375;

      vi.   Angel Vasquez v. City of New York, et al., United States District Court, Eastern District of New York, 05-cv-3552;

      vii.   Alvin Williams v. City of New York, et al., United States District Court, Southern District of New York, 05-cv-4013;

      viii.   Terrance Burton v. City of New York, et al., United States District Court, Southern District of New York, 06-cv-6884;

      ix.   Yakov J. Dubin v. City of New York, et al., United States District Court, Southern District of New York, 12-cv-8223;

      x.   Robert Tester III v. City of New York, et al., United States District Court, Eastern District of New York, 13-cv-0282; and

xi. Deidre Myers et al. v. City of New York, et al., United States
District Court, Southern District of New York, 13-cv-1006.

110. The foregoing customs, policies, usages, practices, procedures and rules of
defendant CITY OF NEW YORK and the New York City Police Department constituted a
deliberate indifference to the safety, well-being and constitutional rights of plaintiff
BERNARD H. GOETZ.

111. The foregoing customs, policies, usages, practices, procedures and rules of
defendant CITY OF NEW YORK and the New York City Police Department were the direct
and proximate cause of the constitutional violations suffered by plaintiff BERNARD H.
GOETZ as alleged herein.

112. The foregoing customs, policies, usages, practices, procedures and rules of
defendant CITY OF NEW YORK and the New York City Police Department were the
moving force behind the constitutional violations suffered by plaintiff BERNARD H.
GOETZ as alleged herein.

113. As a result of the foregoing customs, policies, usages, practices, procedures
and rules of defendant CITY OF NEW YORK and the New York City Police Department,
POLICE OFFICER DEFENDANTS felt empowered to arrest plaintiff BERNARD H.
GOETZ without probable cause.

114. As a result of the foregoing customs, policies, usages, practices, procedures
and rules of defendant CITY OF NEW YORK and the New York City Police Department,
POLICE OFFICER DEFENDANTS felt empowered to cause the unlawful incarceration
plaintiff BERNARD H. GOETZ for approximately one (1) day.

115. Defendants, collectively and individually, while acting under color of law,

were directly and actively involved in violating the constitutional rights of plaintiff BERNARD H. GOETZ.

116.    As a result of the foregoing acts by defendants, plaintiff BERNARD H. GOETZ was deprived of his full life and liberty interest for approximately ten (10) months, put in fear for his safety, suffered and continues to suffer from psychological injuries, suffered lost earnings, was humiliated, suffered damage to his reputation and was subjected to physical restraints including but not necessarily limited to handcuffing.

## AS AND FOR A SIXTH CAUSE OF ACTION
*(Denial of Constitutional Right To Fair Trial Under 42 U.S.C. § 1983)*

117.    Plaintiff BERNARD H. GOETZ re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "116"as if they were set forth at length herein.

118.    Defendants arrested, incarcerated and prosecuted plaintiff BERNARD H. GOETZ in the absence of any evidence of criminal wrongdoing, notwithstanding that said arrest, incarceration and prosecution would jeopardize plaintiff BERNARD H. GOETZ'S liberty, well-being, safety and constitutional rights.

119.    Defendants created false evidence against plaintiff BERNARD H. GOETZ.

120.    Defendants forwarded false evidence and false information to prosecutors in the Office of the District Attorney of the City of New York, County of New York.

121.    In creating false evidence against plaintiff BERNARD H. GOETZ, in forwarding false evidence and information to prosecutors and in providing false and misleading testimony, defendants violated plaintiff BERNARD H. GOETZ'S constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of

the Constitution of the United States.

122.     As a result of the foregoing acts by defendants, plaintiff BERNARD H.
GOETZ was deprived of his full life and liberty interest for approximately ten (10) months,
put in fear for his safety, suffered and continues to suffer from psychological injuries,
suffered lost earnings, was humiliated, suffered damage to his reputation and was subjected
to physical restraints including but not necessarily limited to handcuffing.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff BERNARD H. GOETZ respectfully requests judgment against
defendants, jointly and severally, as follows:

> (a) Compensatory damages against all defendants, jointly and severally, in an
> amount to be determined at a trial by jury, with pre- and post-judgment interest;
>
> (b) Punitive damages against all defendants, jointly and severally, in an amount to
> be determined at a trial by jury, with pre- and post-judgment interest;
>
> (c) Special damages against all defendants, jointly and severally, in an amount to
> be determined at a trial by jury, with pre- and post-judgment interest;
>
> (d) Reasonable attorneys' fees, disbursements and costs incurred in this action,
> pursuant to 42 U.S.C. § 1988; and
>
> (e) Such other and further relief as this honorable Court may deem just, proper and
> equitable.

Dated: Great Neck, New York
     April 6, 2015

 

Respectfully submitted,

**SHEEHAN & ASSOCIATES, P.C.**

By: _____
      Spencer Sheehan

Spencer Sheehan, Esq. (SS-2056)
Joshua Levin-Epstein, Esq. (JL-1980)
SHEEHAN & ASSOCIATES, P.C.
*Attorneys for Plaintiff Bernard H. Goetz*
10 Middle Neck Road
Suite 200
Great Neck, NY 11021
Tel:  (347) 635-4160
Fax: (516) 234-7800
Email: spencer@spencersheehan.com
       josh@spencersheehan.com